**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| MICHAEL W. BOHANNAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0344-A |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner is Michael W. Bohannan, TDCJ #00366986, a state prisoner released on mandatory supervision and in custody of the Texas Department of Criminal Justice, Correctional Institutions Division.

Respondent is Douglas Dretke, Director of the Texas Department of Criminal Justice (TDCJ).

## C. PROCEDURAL HISTORY

In 1983, Bohannan pled guilty to two counts of aggravated rape with a deadly weapon in Cause Nos. 0201732 and 0222921 in Criminal District Court No. 1 of Tarrant County, Texas, and received two 25-year concurrent sentences. (Petition at 2.) While serving his sentences, Bohannan was released on mandatory supervision to a "Super Intensive Supervision Program" (SISP) on December 9, 1991, May 6, 1998, and May 3, 2002. (Wilder Affidavit.) In each instance, his mandatory supervision was revoked. Most recently, Bohannan was again released on mandatory supervision to a SISP on or about August 27, 2004, and he remains on release. (Mandatory Supervision R. at 23.) On June 2, 2005, Bohannan filed the instant federal petition, wherein he raises various claims relating to his guilty pleas, the 2002 revocation of his mandatory supervision, and the SISP program, one or more of which have been considered on state habeas review and rejected without written order by the Texas Court of Criminal Appeals.[1] *Ex parte Bohannan*, Application Nos. 25,282-09, 25,282-10, 25,282-11 & 25,282-12.

## D. ISSUES

In four grounds, Bohannan raises the following issues:

(1)   He received ineffective assistance of trial counsel;

(2)   SISP conditions were imposed in violation of the Ex Post Facto and Due Process Clauses; and

(3)   The 2002 revocation proceedings violated the Due Process Clause and TDCJ policies. (Petition at 7-8.)

---

[1]This is Bohannan's third federal habeas petition. *See Bohannan v. Scott*, No. 4:94-CV-684-A (dismissed on exhaustion grounds); *Bohannan v. Johnson*, Civil Action No. 4:96-CV-326-A (challenging voluntariness of pleas and his 1993 revocation proceedings and resultant loss of time credits).

**E. DISCUSSION**

*1. Statute of Limitations*

28 U.S.C. § 2244(d), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking judgments which became final before the effective date of the statute have one year from the effective date to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Accordingly, to the extent Bohannan's claims involve alleged facts or events occurring before, or

related to, the original plea or the original plea proceedings, the one-year limitations period expired on April 24, 1997, absent any applicable tolling. Bohannan claims that his trial counsel was ineffective because he failed to adequately investigate the facts of the case, thus rendering his pleas involuntary. More specifically, Bohannan claims that his 1982 arrest and the seizure of his vehicle on a federal enclave by city police officers outside of their jurisdiction was illegal, and, if counsel had investigated this fact, incriminating evidence from his vehicle could have been suppressed. (Attachment to Petition ¶¶ 33-39.) Bohannan asserts that he did not receive documentary verification of this claim until August 2003 and was unable to acquire copies of relevant maps until May 2004. Thus, he argues the limitations period should not begin until August 2003, at the earliest. Bohannan's argument is not persuasive. With due diligence, he could have discovered the factual predicate of this claim at or near the time of his trial. 28 U.S.C. § 2244(d)(1)(D). A petition raising this claim was due on or before April 24, 1997, absent any applicable tolling.

To the extent Bohannan's claims involve alleged due process and agency-policy violations related to the 2002 revocation proceedings, the claims are also time-barred. At the latest, Bohannan should have been aware of the factual predicate of those claims when his mandatory supervision was revoked on May 24, 2002. *Id.* Thus, a petition raising the claims was due on or before May 24, 2003, absent any applicable tolling.

Bohannan's state habeas applications filed on June 22, 2004, after limitations had expired, do not operate to toll the limitations period in either instance.[2] *See Scott v. Johnson*, 227 F.3d 260,

---

[2] Bohannan filed four earlier state habeas applications, allegedly raising the issues presented, which were dismissed for failure to comply with the Texas appellate rules on June 2, 2004. *See ex parte Bohannan*, Application Nos. 25,282-05, 25, 282-06, 25,282-07 & 25, 282-08. Such state
(continued...)

263 (5th Cir. 2000). Bohannan has not otherwise argued that he is entitled to equitable tolling and there are no sufficiently rare and exceptional circumstances apparent in his records that would justify application of the doctrine here.[3] *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, Bohannan's petition, filed on June 1, 2005, is untimely as to any claims relating to the original plea and the 2002 revocation proceedings.

*2. Release to SISP*

Bohannan claims that he remains imprisoned under the strict requirements of SISP, and that his release to SISP as applied to him violated the Ex Post Facto and Due Process Clauses. These arguments have been considered and rejected by the Fifth Circuit. *See Cruz v. Texas Parole Div.*, No. 03-50745, 87 Fed. Appx. 346, 347, 2004 WL 190251, at *347 (5th Cir. Jan. 30, 2004) (not reported in the Federal Reporter). *See also De La Cerda v. Dretke*, No. H-05-1270, slip op., 2005 WL 2656349, at *7-11 (S.D. Tex. Oct. 17, 2005) (not designated for publication); *Adair v. Dretke*, No. SA-03-CA-1210-XR, slip op., 2004 WL 692152, at 2-3 (W.D. Tex. Apr. 1, 2004) (not designated for publication); *Brown v. Cockrell*, No. 3-02-CV-2433-N, slip op. 2003 WL 21458751, at *4-5 (N.D. Tex. Apr. 29, 2003) (not designated for publication).

---

[2](...continued)
habeas applications are not properly filed and do toll the limitations period under § 2244(d)(2). *See Samford v. Dretke*, No. 3:03-CV-1969-M, slip op., 2006 WL 154537, at *1 (N.D. Tex. Jan. 19, 2006).

[3]Bohannan may have been entitled to tolling during the pendency of any relevant and timely appeal of the decision to revoke his mandatory supervision, however, the record does not reflect that he appealed the decision, although, apparently, he did seek time credit dispute resolution regarding various time credits.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Bohannan's grounds one and three be dismissed with prejudice as time-barred and that his grounds two and four be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 21, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 21, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 31, 2006.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE