IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL W. BOHANNAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-344-A |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Michael W. Bohannan is petitioner and Douglas Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 31, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by February 21, and upon Bohannan's motion the court extended that deadline until March 1. Bohannan has filed written objections; however, respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u>

determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge specifically concluded that: (1) Bohannan's claims relating to his 1983 trial and his 2002 parole revocation hearing are both time-barred; and (2) that the terms of Bohannan's supervised release do not violate the Ex Post Facto and Due Process Clauses of the U.S. Constitution.

Bohannan made the following specific objections:[1] (1) that he could not have found the factual predicates for his ineffective assistance of counsel claim until 2003; (2) that the statute of limitations was applied to the petition on a claim-by-claim basis, and not to the petition as a whole; (3) the petition

---

[1] Bohannan made fifteen objection in all; however, for the following reasons the court is only considering seven of them. First, the court need not specifically address objections #1, # 2, #12 as they relate to the sufficiency of the magistrate judge's review of the record and the court reviews the record de novo. Objections #8 and #9 are conclusory and insufficiently unsupported by argument or citation to pertinent portions of the record. See Pet'r Objections at 7. Finally, the court is not considering objections # 13, #14, and #15, Id. at 7-8, because they are frivolous and inconsequential to the ultimate issues.

2

is entitled to statutory and equitable tolling;[2] and (4) the magistrate judge incorrectly interpreted his claim relating to the terms of his supervised release as challenges against the statutes constitutionality. The court finds none of these objections persuasive.

With regard to the ineffective assistance of counsel claim, neither statutory nor equitable tolling is warranted. Bohannan has failed to demonstrate that the newly discovered pertinent evidence could not have been obtained earlier than April 24, 1997. See Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000). Thus, the magistrate judge correctly found that Bohannan could have, with due diligence, learned the factual predicates for his ineffective assistance of counsel claim at or near the time of his 1983 trial. See 28 U.S.C. § 2244(d)(1)(D). Also, with regard to equitable tolling, Bohannan has proffered no extraordinary circumstances preventing him from obtaining the information about his counsels allegedly deficient performance. See Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000).

Bohannan's claims relating to his 2002 parole revocation

---

[2] Bohannan advances several objections that are related to tolling. Objection #6 seems to suggest that Bohannan is entitled to equitable tolling as to all claims, and objections #7 and #10 urge statutory tolling with respect to his 2002 parole revocation hearing claim.

3

are also time-barred. In objection #7, Bohannan contends that his first four post-revocation state petitions were properly filed within the meaning of 28 U.S.C. § 2244(d)(2). However, for the purposes of determining the operation of § 2244(d)(2), the unfiling those applications for non-compliance with applicable rules by the Texas Court of Criminal Appeals is dispositive. Larry v. Dretke, 361 F.3d 890, 895 (5th Cir. 2004). Second, there is nothing in the record supporting Bohannan's suggestion that he was unaware his parole was revoked until sometime after the hearing.[3] Finally, as before, there is nothing extraordinary that merits equitable tolling with regard to this claim. Felder, 204 F.3d at 170-71.

Next, the magistrate judge correctly bifurcated the claims raised in the petition for the purposes of determining whether they were time-barred. The limitations period runs from certain dates with respect to a claims pertinent judgment. See 28 U.S.C. § 2244(d)(1). Because Bohannan's claims involve two separate

---

[3] Bohannan does not expressly argue he was unaware his parole had been revoked on May 24, 2004; however, the clear implication of his objection # 10 was that he was not. However, even assuming the magistrate judge incorrectly found Bohannan learned of his parole revocation on May 24, 2002, he is still not entitled to any statutory tolling based on his state habeas petition filed June 22, 2003, because there no evidence in the record that he learned of his parole revocation after June 22, 2002.

4

judgments -- those being his 1983 trial and 2002 parole revocation -- the magistrate judge correctly applied § 2244(d).

Finally, Bohannan urges the magistrate judge mischaracterized his claims relating to his placement in the Super Intensive Supervision Program ("SIPS"). With the benefit of Bohannan's clarification, the court can easily overrule his objection.[4] Texas parole statutes do not create a protected liberty interests due to their discretionary nature. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). In other words, no liberty interest was infringed upon by the imposition of SIPS as a condition of his parole. The magistrate judge appropriately denied this ground.

---

[4] Clearly, the magistrate judge did not misinterpret the claim. Bohannan states that the terms of SIPS is, in effect, the same as imprisonment and violates his "state-created liberty interest in a release from imprisonment" and the Ex Post Facto Clause of the U.S. Constitution. Pet'r Objections at 3. In addition, Bohannan contends that Due Process of Law is violated by the manner in which SIPS is handed out, Id.; however, that claim is time-barred for the reasons stated above.

For all the foregoing reasons,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, be dismissed as to the first and third grounds and denied as to the second and fourth grounds.

SIGNED March 16, 2006.

_____
JOHN McBRYDE
United States District Judge